**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALEXANDER CLIFFORD, individually and
on behalf of all others similarly situated,

               Plaintiff,

        v.

KAYDEX PTE. LTD., LOI LUU, VICTOR
TRAN, and YARON VELNER,

               Defendants.

Case No. 1:20-cv-02812-RA

Honorable Ronnie Abrams

---

**BRETT MESSIEH'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF
ROCHE CYRULNIK FREEDMAN LLP
AND SELENDY & GAY PLLC AS CO-LEAD COUNSEL**

**Table of Contents**

**Pages**

INTRODUCTION ................................................................................................... 1

SUMMARY OF ACTION ........................................................................................ 2

PROCEDURAL BACKGROUND ............................................................................ 3

ARGUMENT ........................................................................................................... 3

    A.    Messieh Should Be Appointed Lead Plaintiff ........................................ 3

        1.    Messieh Has Timely Filed a Motion to Be Appointed Lead
               Plaintiff ................................................................................ 4

        2.    Messieh Possesses the Largest Financial Interest ...................... 5

        3.    Messieh Satisfies the Requirements of Rule 23 .......................... 6

             a.    Messieh's Claims Are Typical ...................................... 6

             b.    Messieh Is an Adequate Lead Plaintiff ......................... 7

    B.    RCF and S&G Should Be Approved as Co-Lead Counsel ...................... 8

CONCLUSION ........................................................................................................ 11

# Table of Authorities

**Pages**

## Cases

*Balestra v. ATBCOIN LLC*,
    380 F. Supp. 3d 340 (S.D.N.Y. 2019) ........................................................................ 4, 5, 6

*Batter v. Hecla Mining Co.*,
    No. 19-CV-05719 (ALC), 2020 WL 1444934 (S.D.N.Y. Mar. 25, 2020) .................... 6, 8

*In re Facebook, Inc., IPO Sec & Derivative Litig.*,
    288 F.R.D. 26 (S.D.N.Y. 2012) ........................................................................................ 9

*Jakobsen v. Aphria, Inc.*,
    No. 18 CIV. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ...................... 8

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 112 (S.D.N.Y. 2010) ...................................................................................... 9

*Kux-Kardos v. VimpelCom, Ltd.*,
    151 F. Supp. 3d 471 (S.D.N.Y. 2016) ........................................................................... 6, 8

*Messieh, et al. v. HDR Global Trading Limited, et al.*,
    No. 20-cv-3232-ALC, ECF No. 32 (S.D.N.Y. Jun. 4, 2020).......................................... 10

*Rhode Island Laborers' Pension Fund v. FedEx Corp.*,
    No. 19-CV-5990 (RA), 2019 WL 5287997 (S.D.N.Y. Oct. 18, 2019)............................. 5

*Salinger v. Sarepta Therapeutics, Inc.*,
    No. 19-CV-8122 (VSB), 2019 WL 6873807 (S.D.N.Y. Dec. 17, 2019).................... 4, 6, 7

*Stitt v. On Deck Capital, Inc.*,
    No. 15 CIV. 6126 (AT), 2016 WL 889535 (S.D.N.Y. Feb. 17, 2016).............................. 7

## Rules

Fed. R. Civ. P. 23 .................................................................................................................. 1, 4, 6

## Statutes and Regulations

Private Securities Litigation Reform Act of 1995
    15 U.S.C. § 77z–1(a)(3)(A)(i)(II) ..................................................................................... 4

Private Securities Litigation Reform Act of 1995
    15 U.S.C. § 77z-1(a)(3)(B)(i) ........................................................................................... 1

Private Securities Litigation Reform Act of 1995
    15 U.S.C. § 77z-1(a)(3)(B)(iii)..................................................................................... 1, 4

Securities Act of 1933,
    15 U.S.C. § 77b...........................................................................................................3

**Other Authorities**

Bitcoin: Order without Law in the Digital Age, 94 INDIANA L.J. 1497 (2019) ......................... 9

*Why Bitcoin is Booming*, WALL ST. J. (July 10, 2017).............................................. 9

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §77z-1(a)(3)(B)(i), Brett Messieh ("Messieh") respectfully submits this memorandum of law in support of his motion for appointment as lead plaintiff and approval of his selection of Roche Cyrulnik Freedman LLP ("RCF") and Selendy & Gay PLLC ("S&G," and together, "Counsel") as co-lead counsel ("Motion").

## INTRODUCTION

This case is a securities class action seeking to recover damages caused by Defendants' sales of KNC tokens, which are unregistered securities. The named plaintiff brought this action, which is the first filed complaint concerning this subject matter, on behalf of a proposed class ("Class") consisting of all persons who purchased KNC tokens from September 15, 2017 to April 3, 2020 (the "Class Period").

The PSLRA directs the Court to appoint as lead plaintiff the class member the Court "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i). Under the applicable standards, Messieh is the "most adequate plaintiff" to represent the Class. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii).

Messieh timely filed the Motion, has a substantial financial interest in this action, and satisfies the typicality and adequacy factors under Rule 23 of the Federal Rules of Civil Procedure. Messieh will fairly and adequately protect the Class's interests by prosecuting this litigation and seeking the fullest recovery for the Class, and he is not subject to unique defenses that would render him incapable of serving as the lead plaintiff. Messieh has also selected qualified, experienced counsel—RCF and S&G—who will provide Messieh and the Class the highest caliber representation against these sophisticated defendants. For these reasons, Messieh respectfully

requests that the Court: (a) appoint Messieh as lead plaintiff; and (b) approve Messieh's selection of RCF and S&G as co-lead counsel.

SUMMARY OF ACTION

Defendant KayDex Pte. Ltd. ("Kyber Network") describes itself as an "on-chain liquidity protocol that aggregates liquidity from a wide range of reserves, powering instant and secure token exchange in any decentralized application." Compl. ¶ 14. Defendant Loi Luu ("Luu") is Kyber Network's co-founder and Chief Executive Officer, Defendant Victor Tram ("Tram") is Kyber Network's co-founder and Chief Technology Officer, and Defendant Yaron Velner ("Velner" and together with Luu, Tram, and Kyber Network, "Defendants") is Kyber Network's co-founder and former Chief Technology Officer. *Id.* ¶¶ 15-17. Since at least September 15, 2017, Defendants have been promoting, offering, and selling an unregistered security called the KNC token. *Id.* Compl. ¶¶ 1, 51-63. Defendants issued a "whitepaper" to investors that described in highly technical terms the supposed utility to which the KNC tokens would be placed. *Id.* ¶ 7. The whitepaper explicitly stated that the KNC tokens—which are a form of digital assets marketed to investors—were not being offered as securities, and thus omitted the disclosures that securities laws and the SEC have long deemed essential to investor protections in initial public offerings. *Id.*

Defendants created 226,000,000 KSP tokens, sold approximately 60 percent of those tokens via an initial coin offering ("ICO") running from September 15 to 16 2017, ("Offering Period"), and retained nearly 40 percent of the tokens in order to further profit from their anticipated appreciation. *Id.* ¶¶ 6, 55-56. Through the ICO alone, Defendants raised approximately $52 million in proceeds. *Id.* ¶ 56. KNC tokens were then listed, promoted, and sold on various crypto-asset exchanges. *Id.* ¶ 60. KNC tokens have since fallen precipitously in price and are trading at approximately nine percent of their 2018 high. *Id.* ¶ 101.

Although Defendants described KSP tokens as something other than securities, they were in fact securities. This was not clear to a reasonable investor at purchase, however, and would not have been reasonably apparent until, at the earliest, April 3, 2019, when the SEC released a detailed "Framework" to analyze digital assets, indicating that KNC and other similar digital tokens are "investment contracts" and therefore securities under Section 2 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77b.

Defendants have never registered KNC tokens as required under Section 5 of the Securities Act and 815 Ill. Comp. Stat. Ann. 5/5. *Id.* ¶¶ 64-100. Accordingly, Defendants are liable to Messieh and the Class, all of whom purchased the unregistered KSP tokens. *Id.* ¶¶ 101-03.

## PROCEDURAL BACKGROUND

On April 3, 2020, Alexander Clifford ("Clifford") through his Counsel, filed the Complaint against Defendants, which was the first complaint alleging the claims described therein. On April 9, 2020, Counsel published the requisite PSLRA notice through Business News Wire. Declaration of Kyle Roche ("Roche Declaration"), Exhibit C (PSLRA Notice). On May 5, 2020, Clifford effected service of process on Defendant Kyber Network. On June 3, 2020 service papers for Luu, Tran, and Velner were transmitted to process servers.

In response to the publication of the PSRLA notice, Messieh reached out to Counsel for the purposes of serving as a lead plaintiff in this action. On June 8, 2020, Messieh timely filed this Motion seeking appointment as lead plaintiff and approval of RCF and S&G as co-lead counsel.

## ARGUMENT

### A.  Messieh Should Be Appointed Lead Plaintiff

The PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

3

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii). Accordingly, "[i]f a movant satisfies the three statutory factors—making a timely motion, demonstrating the largest financial interest, and otherwise satisfying Rule 23—then the court shall adopt a presumption that the movant is the most adequate plaintiff." *Salinger v. Sarepta Therapeutics, Inc.*, 19-CV-8122 (VSB), 2019 WL 6873807, at *3 (S.D.N.Y. Dec. 17, 2019) (Broderick, J.) (internal quotations omitted). "[O]ther members of the purported class may try to rebut the statutory presumption by showing that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is incapable of adequately representing the class because of 'unique defenses.'" *Id.* (internal quotations omitted).

Messieh, as shown below, meets each requirement. He timely moved for leave to be appointed lead plaintiff, has the largest financial interest, and satisfies the applicable Rule 23 factors.

### 1.    Messieh Has Timely Filed a Motion to Be Appointed Lead Plaintiff

To satisfy the first requirement, a movant for lead plaintiff must file the motion within 60 days of the publication of the PSLRA notice. *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 361 (S.D.N.Y. 2019) (Broderick, J.) ("Plaintiff filed his motion for appointment as lead plaintiff on Monday, March 12, 2018, (Doc. 22), satisfying the requirement that such motion be filed within sixty days of publication of the notice of pendency of the action. Therefore, Plaintiff timely filed his motion under the PSLRA." (citing 15 U.S.C. § 77z–1(a)(3)(A)(i)(II))).

4

The PSLRA notice was published on April 9, 2020, specifying that the deadline to move for lead plaintiff would be June 9, 2020. *See* Roche Decl., Ex. C. Having filed this Motion on June 8, 2020, Messieh has timely met the deadline.

### 2.      Messieh Possesses the Largest Financial Interest

The PSLRA does not specify a method for calculating who has the "largest financial interest," but courts in this district commonly look to four factors in making this determination: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiff during the class period; and (4) the approximate losses suffered by the plaintiff." *Rhode Island Laborers' Pension Fund v. FedEx Corp.*, 19-CV-5990 (RA), 2019 WL 5287997, at *1 (S.D.N.Y. Oct. 18, 2019) (Abrams, J.). "The fourth factor, the largest loss, is considered by most courts to be the "critical ingredient in determining the largest financial interest and outweighs net shares purchased and ne[t] expenditures." *Id.* (internal quotation omitted).

Each factor reveals that Messieh has an extensive financial interest in this litigation. *First*, Messieh purchased 100 KNC tokens during the Class Period. Roche Decl., Exhibit A (Messieh Certification), Exhibit D (Messieh estimated loss chart). *Second*, because Messieh sold 99 KNC tokens during the Class Period, his net purchase of KNC tokens was 1. Roche Decl., Ex. D. *Third*, Messieh expended 0.3482 ETH in funds for his purchase of 100 KNC tokens. *Id.* Finally, Messieh suffered damages of approximately $57.58. *Id.*

Messieh is unaware of any lead plaintiff movant with a greater loss. *See ATBCOIN LLC*, 380 F. Supp. 3d at 361 (appointing lead plaintiff who "had incurred losses of approximately $1,422.99 in connection with his purchase of ATB Coins during the Class Period . . . has the largest financial interest of any class member seeking appointment as lead plaintiff, and . . . is aware of no other class member with a larger financial interest").

### 3.     Messieh Satisfies the Requirements of Rule 23

"In making the determination of whether a movant otherwise satisfies the requirements of Rule 23, the movant must make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Sarepta Therapeutics,* 2019 WL 6873807, at *3 (internal quotations omitted). "This determination need not be as complete as would a similar determination for the purpose of class certification, and the movant is only required to make a prima facie showing that it meets the typicality and adequacy requirements." *Id.* (internal quotations and citations omitted).

#### a.     *Messieh's Claims Are Typical*

For the typicality analysis, "courts consider whether the claims of the proposed lead plaintiff arise from the same conduct from which the other class members' claims and injuries arise." *Id.* A lead plaintiff's claims are typical where they "arise[ ] from the same course of events as those of other class members and [the lead plaintiff] will make[ ] similar legal arguments to prove the defendant[s'] liability." *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016) (Carter, J.). "While the claims need not be identical, the claims of the proposed lead plaintiff must be substantially similar to the other members' claims." *ATBCOIN*, 380 F. Supp. 3d at 362; *Batter v. Hecla Mining Co.,* 19-CV-05719 (ALC), 2020 WL 1444934, at *4 (S.D.N.Y. Mar. 25, 2020) (Carter, J.) ("The Glucks claims are typical of the other putative class members. The Family purchased shares of Hecla securities at prices inflated by Defendants' false and misleading statements and suffered damages as a result.").

Messieh satisfies this requirement. Like every member of the Class, Messieh possesses claims against Defendants under Sections 5, 12(a)(1), and 15 of the Securities Act (Counts I and II). Messieh also possess claims under applicable state law. Specifically, he purchased KNC tokens during the Class Period, and those KNC tokens were offered by Defendants without registering as

required under federal and state securities laws. Compl. ¶¶ 51-99. Because of that conduct, Messieh, like every member of the Class, is entitled to recover the consideration paid for KNC tokens or damages for KNC tokens previously sold. *Id.* ¶¶ 100-01. Thus, Messieh's claims are typical of those of the Class.

### b.    *Messieh Is an Adequate Lead Plaintiff*

"In considering the adequacy of a proposed lead plaintiff, a court must consider whether the proposed lead plaintiff: (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question." *Sarepta Therapeutics*, 2019 WL 6873807, at *3; *Stitt v. On Deck Capital, Inc*., 15 CIV. 6126 (AT), 2016 WL 889535, at *2 (S.D.N.Y. Feb. 17, 2016) (Torres, J.) ("[A] lead plaintiff need only show that he meets . . . the adequacy requirement, meaning he can fairly and adequately represent the interests of the class, his interests are not antagonistic to those of the class, and he has retained capable counsel who is qualified to pursue the litigation." (internal quotations omitted)).

Each factor confirms Messieh's adequacy. *First*, Messieh has no conflict with the Class. He purchased the KNC tokens that Defendants offered without registering under the applicable securities laws. Members of the Class have identical claims based on purchases of the same KNC tokens. Therefore, Messieh's interests are directly aligned with, and not antagonistic to, those of the Class.

*Second*, Messieh has a sufficient interest in the case's outcome. Messieh has suffered approximately $57.58 in damages caused by Defendants' offers and/or sales of KNC tokens. Roche Decl., Ex. D. Messieh is motivated to maximize the Class's recovery.

Finally, Messieh has chosen co-lead counsel who are qualified, experienced, and able to conduct this litigation efficiently and effectively. As addressed more fully below, Counsel are ready, willing, and able to provide the Class with stellar legal representation.

In sum, Messieh has the incentive, willingness, and ability to prosecute the claims in the interests of the Class. Thus, he has demonstrated his adequacy under Rule 23. *See Jakobsen v. Aphria, Inc*., 18 CIV. 11376 (GBD), 2019 WL 1522598, at *5 (S.D.N.Y. Mar. 27, 2019) (Daniels, J.) ("It also appears that [the movant] will fairly and adequately represent the proposed class because he has selected qualified and experienced counsel, there is no known conflict between him and the other putative members of the class, and his significant financial losses ensure that he will vigorously prosecute this case.").

### B.  RCF and S&G Should Be Approved as Co-Lead Counsel

"The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court." *Hecla Mining*, 2020 WL 1444934, at *9 (internal citation and quotations omitted). Courts approve the selection of counsel who are "qualified, experienced, and generally able to conduct the litigation." *VimpelCom,* 151 F. Supp. 3d at 479 (approving firm that "appears to be competent and experienced counsel, based on its past experience in securities fraud class actions").

RCF and S&G are qualified, experienced, and capable of effectively prosecuting this class action on behalf of Messieh and the Class.[1] Before filing this action, RCF and S&G "devoted substantial time and resources working . . . in identifying and investigating the claims set forth in the complaint." *In re Facebook, Inc., IPO Sec & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (recognizing import of counsel's pre-suit work in appointing lead counsel); *see also Janbay*

---

[1]   A description of RCF's qualifications is set forth at Exhibit B to the accompanying Roche Declaration. A description of S&G's qualifications is set forth at Exhibit A to the accompanying Declaration of Jordan A. Goldstein.

*v. Canadian Solar, Inc.*, 272 F.R.D. 112, 121 (S.D.N.Y. 2010) (same).  Counsel engaged in an extensive pre-suit investigation into the claims which included speaking with dozens of crypto-asset experts and industry insiders to understand the unique mechanics of the Defendants' unregistered offering and retaining experts to assist with data analysis. This six-month investigation culminated on April 3, 2020, when Counsel filed eleven class actions, including the case at bar, which all asserted federal and state securities claims arising from the sale of unregistered securities that were first offered through ERC-20-based ICOs. Counsel has also demonstrated leadership by serving and taking all reasonable steps to serve all Defendants in this action.

Collectively, Counsel has unparalleled experience litigating matters relating to crypto-assets. RCF represents the plaintiff in one of the largest litigations relating to crypto-assets in the United States. *Kleiman v. Wright*, No. 9:18-CV-80176-BB (S.D. Fla.) (litigation concerning the rightful ownership of billions of dollars' worth of bitcoin and bitcoin-related intellectual property rights). Mr. Roche, a lead attorney from RCF, is a recognized thought leader in the industry. He has published multiple articles on the intersection of crypto-assets and law (*see e.g.*, Bitcoin: Order without Law in the Digital Age, 94 INDIANA L.J. 1497 (2019); *Why Bitcoin is Booming*, WALL ST. J. (July 10, 2017)) and is a frequent speaker and lecturer on the topic, having guest-lectured a course at the Northwestern Pritzker School of Law. Although RCF is a relatively new firm, its attorneys possess decades of experience litigating complex matters, including class actions.

S&G has even more collective experience in cases involving complex financial transactions and class actions. S&G's attorneys have litigated the entire spectrum of complex financial matters—from residential mortgage-backed securities to reinsurance contracts to credit default swaps—securing trial and appellate victories and numerous favorable settlements for their

clients. For example, S&G's attorneys have served as class counsel in several high-profile actions, including representing a class of public servants in an action against loan servicer Navient, *Hyland v. Navient Corporation*, No. 1:18-cv-9031-DLC (S.D.N.Y.); and representing the American Federation of Teachers and other investors in a class action against Goldman Sachs, Merrill Lynch, Barclays, Citigroup, and others alleging collusive violations of the Sherman Act arising out of the $13 trillion U.S. Treasuries market, *In re: Treasury Securities Auction Antitrust Litigation*, No. 1:15-md-02673-PGG (S.D.N.Y.). In the last decade, S&G lawyers have recovered tens of billions of dollars for clients.

On June 4, 2020, RCF and S&G were appointed as interim class counsel in a parallel action filed against the BITMEX crypto-asset exchange in this District. *See Messieh, et al. v. HDR Global Trading Limited, et al.*, No. 20-cv-3232-ALC, ECF No. 32 (S.D.N.Y. Jun. 4, 2020). That action brings claims arising from the sale of future contracts on digital assets and alleges violations of the Commodity Exchange Act.

In addition, earlier this year, RCF and S&G were appointed as interim class counsel (along with a third law firm) in another large crypto-asset class action in this District. *See Leibowitz v. Ifinex Inc.*, No. 1:19-cv-09236-KPF (S.D.N.Y.). In that litigation, RCF and S&G represent the plaintiffs in alleging that Bitfinex, a prominent crypto-asset exchange, and Tether, a prominent crypto-asset issuer, engaged in market manipulation in violation of various federal and state laws.

Accordingly, Messieh respectfully submits that Counsel is uniquely qualified to act as co-lead counsel in this litigation and will provide the Class with the highest caliber of representation. The Court's selection of RCF and S&G as co-lead counsel in this litigation will provide the added benefit of efficiency in the event that Counsel is selected as lead in the other actions filed on April 3.

## CONCLUSION

For the foregoing reasons, Messieh respectfully requests that the Court: (a) grant his Motion; (b) appoint Messieh as lead plaintiff; (c) approve Messieh's selection of RCF and S&G as co-lead counsel; and (d) issue any other relief that the Court deems just and proper.

Dated:       June 8, 2020
             New York, New York

                              Respectfully submitted,


*/s/ Philippe Z. Selendy*              */s/ Kyle W. Roche*
Philippe Z. Selendy                    Kyle W. Roche
Jordan A. Goldstein                    Edward Normand
David Coon                             Velvel (Devin) Freedman
Michelle Foxman                        Joseph M. Delich
SELENDY & GAY PLLC                     ROCHE CYRULNIK FREEDMAN LLP
1290 Sixth Avenue, 17th Floor          99 Park Avenue, 19th Floor
New York, NY 10104                     New York, NY 10016
pselendy@selendygay.com                kyle@rcfllp.com
jgoldstein@selendygay.com              tnormand@rcfllp.com
dcoon@selendygay.com                   vel@rcfllp.com
mfoxman@selendygay.com                 jdelich@rcfllp.com